**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

KYLE KOCH,

        Plaintiff,

v.	Case No: 6:19-cv-667-Orl-41GJK

LAKE CITY CREDIT, LLC, and GARY S. WILLIKY,

        Defendants.

**REPORT AND RECOMMENDATION**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS COMPLAINT AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT (Doc. No. 17)** |
| **FILED:** | May 28, 2019 |//
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

**I.	BACKGROUND.**

On April 9, 2019, Plaintiff filed a Complaint against Defendants for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq*. Doc. No. 1. Defendant Gary S. Williky ("Williky") is the sole managing member of Defendant Lake City Credit LLC ("Lake City Credit"). Doc. No. 1 at 2. Williky registered Lake City Credit, a Delaware limited liability company, with the Florida Secretary of State in 2018 and began collecting consumer debts. Doc.

No. 1 at 2, 4. Plaintiff alleges that, among other things, Defendants "engaged in an orchestrated scheme to get Mr. Koch to pay a debt which he had zero legal obligation to pay," by making false and misleading representations suggesting that the debt was being reported to credit reporting agencies, and by attempting to collect more than $1,187.78 of interest accrued on a debt that was no longer subject to the accumulation of interest.[1]  Doc. No. 1 at 12, 14.  Plaintiff alleges Lake City Credit contacted him via mail and telephone regarding the debt.  Doc. No. 1 at 6, 10, 11.  Plaintiff alleges that Williky was personally involved with the collection efforts and was personally responsible for setting the policies under which such action was taken.  Doc. No. 1 at 15, 16.  Plaintiff alleges that Defendants are jointly and severally liable for their actions.  Doc. No. 1 at 15, 17.

On May 28, 2019, Williky filed a Motion to Dismiss for Lack of Jurisdiction (the "Motion").  Doc. No. 17.  Williky argues that Plaintiff concedes that Williky resides in Texas and that Plaintiff did not allege any additional facts to suggest a nexus between Williky and Florida.  Doc. No. 17 at 3.  On June 11, 2019, Plaintiff filed a Response in Opposition to the Motion (the "Response").  Doc. No. 23.  Plaintiff argues Williky failed to file affidavits in support of the Motion.  Doc. No. 23 at 3-4. Plaintiff also argues that he alleged personal actions by Williky both in facilitating the fraudulent scheme as well as executing it.  Doc. No. 23 at 4-5.

## II. ANALYSIS.

### A. Personal Jurisdiction

"A federal district court in Florida may exercise personal jurisdiction over a nonresident defendant to the same extent that a Florida court may, so long as the exercise is consistent with federal due process requirements." *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008).

---

[1] The debt had also been discharged in bankruptcy.  Doc. No. 1 at 6.

The Court employs a two-prong test to make this determination. First, the Court determines whether Florida's long-arm statutes permits the exercise of personal jurisdiction over the defendant. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996). Then, the Court must determine whether sufficient minimum contacts exist between the defendant and the forum state to satisfy "traditional notions of fair play and substantial justice." *Id.* (citations omitted).

Assuming Florida's long-arm statute is satisfied, there must be certain minimum contacts with the forum so that, under the due process clause, the suit does not offend "'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). There are minimum contacts sufficient for personal jurisdiction if the defendant purposefully directed his activities at the forum state's residents, and the litigation results from injuries that arise out of or relate to those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 463, 475 (1985); *Alston v. Summit Receivables*, No. 6:17-cv-1723, 2018 WL 3448595, at *3 (M.D. Fla. June 27, 2018). A single act can fulfill this requirement if that act creates a substantial connection between the defendant and the forum state. *Burger King Corp.*, 471 U.S. at 476 n.18. Florida has a "very strong interest in affording its residents a forum to obtain relief from intentional misconduct of nonresidents causing injury in Florida." *Licciardello*, 544 F.3d at 1288.

In suing a non-resident defendant, the complaint must contain "sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). The allegations in the complaint are taken as true if the defendant does not present affidavits controverting them, and all reasonable inferences are resolved in the plaintiff's favor. *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000). Only when the

defendant files affidavits challenging jurisdiction, does the plaintiff have the burden of producing affidavits demonstrating that jurisdiction exists. *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999).

**B.     The Motion**

In the Motion, Williky argues there is no general or specific jurisdiction over him. Doc. No. 17. He argues he is a resident of Texas and that there is no nexus between Williky and Florida alleged in the Complaint sufficient to establish both personal jurisdiction under Florida's long-arm statute and the jurisdictional due process requirements of the Fourteenth Amendment. *Id.* at 3-4.

In his Complaint, Plaintiff alleges that Williky, the sole managing member of Lake City Credit, acted through the LLC to commit fraud in Florida when he created collection policies for Lake City Credit that cause Lake City Credit to intentionally pursue collection of a debt against Plaintiff, a Florida resident, that violated the FDCPA and the FCCPA. Doc. No. 1. Plaintiff alleges Williky registered Lake City Credit, a Delaware limited liability company, with the Florida Secretary of State in 2018 and began collecting consumer debts. Doc. No. 1 at 2, 4. Plaintiff alleges that Williky was personally involved in attempting to collect the debt at issue from Plaintiff through fraud via telephone and mail. Doc. No. 1 at 15. Williky filed no affidavits in support of the Motion.

Plaintiff sufficiently alleges long arm jurisdiction because Plaintiff alleges Williky personally committed a tortious act in Florida by fraudulently seeking to collect a debt from Plaintiff. Fla. Stat. § 48.193(1)(a)(2) (establishing specific personal jurisdiction over a non-resident defendant who commits a tortious act in Florida). Specific personal jurisdiction may be established by a telephone call into Florida that forms the basis of the claim. *Alecca v. AMG Managing Ptnrs., LLC*, No. 3:13-cv-163, 2014 WL 2987702, at *5 (M.D. Fla. Jul. 2, 2014) (citing

*Wendt v. Horowitz*, 822 So. 2d 1252, 1260 (Fla. 2002)); *Internet Sols. Corp. v. Marshall*, 39 So. 3d 1201, 1208 (Fla. 2010) (nonresidents can commit tortious acts in Florida by virtue of telephonic, electronic, or written communications into Florida). "A violation of a statute prohibiting unfair debt collection is a breach of duty imposed by law and therefore a tortious act." *Alecca*, 2014 WL 2987702, at *5 (citing *Vlach v. Yaple*, 670 F. Supp. 2d 644, 648 (N.D. Ohio 2000)).

Plaintiff has established Williky had minimum contacts with the state of Florida as Plaintiff has alleged Williky purposefully directed his activity, debt collection, in the state of Florida and the injury alleged arises out of that activity. *Alston*, 2018 WL 3448595, at *3 (allegation debt collection phone calls violated FDCPA sufficient to establish minimum contacts) (citing *Thomas v. Arm WNY, LLC*, No. 3:14-cv-360, 2014 WL 6871654, at *4 (M.D. Fla. Dec. 3, 2014)); *Alecca*, 2014 WL 2987702, at *6 (quoting *Sluys v. Hand*, 831 F. Supp. 321, 324 (S.D.N.Y. 1993) (suits may be brought where a debtor receives a communication from a debt collector located elsewhere where the transmittal of those communications is claimed to have violated debt collection laws). Further, the Court finds that Plaintiff's interest in litigating this case in Florida, and the Court's interest in resolving the case where the calls and letters were received, are sufficient to satisfy traditional notions of fair play and substantial justice. *See id.*

### III. CONCLUSION.

Based on the foregoing, it is hereby **RECOMMENDED** that the Motion (Doc. No. 17) be **DENIED**.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the

district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on July 23, 2019.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties